[Civ. No. 4046.   First Appellate District, Division Two.—November 28, 1921.]

GERTRUDE PORTER, Appellant, v. UNITED STATES FIDELITY & GUARANTY COMPANY (a Corporation), et al., Respondents.

[1] QUIETING TITLE—LIEN OF DEED OF TRUST—UNAUTHORIZED EXECUTION BY ADMINISTRATOR — PAYMENT AS CONDITION OF DECREE — EQUITIES.—Where real property was conveyed to trustees to indemnify a surety company against loss on a bond staying an execution pending an appeal, and the judgment was affirmed and the amount thereof paid by the surety company, the heirs at law of the judgment debtor are not entitled to a decree quieting their title to the property as against the surety company and the trustees, without payment of the lien under the deed of trust, by reason of the fact that pending the administration of the estate of such debtor the trustees executed a quitclaim deed releasing their lien in order that a pre-existing mortgage might be renewed, and thereafter were given a new deed of trust by the administrator, which was ineffective, because the probate court was without jurisdiction to authorize the execution of the deed of trust or any form of security other than a mortgage.

APPEAL from a judgment of the Superior Court of San Diego County.   C. N. Andrews, Judge.   Affirmed.

The facts are stated in the opinion of the court.

55 Cal. App.—26

Robert J. Adcock and C. S. Preston for Appellant.

Lawler & Degnan for Respondents.

NOURSE, J.—Plaintiff commenced this suit in equity to quiet title to certain real property, to require defendants to give up a certain trust deed which they held upon said property, and to restrain them from asserting any claim thereto. The record is presented upon the judgment-roll alone. It shows that findings of fact and conclusions of law were signed by the trial judge and filed on the twenty-second day of July, 1920, and that on the same day judgment in favor of defendants was duly entered. It also appears that on August 24, 1920, other findings were signed and filed by the same judge at the request of plaintiff and that a judgment similar in effect to that already entered was then signed and filed. No proceedings had been taken to set aside the judgment of July 22, 1920, and what is said herein relating to the findings of the trial court refers to the findings of fact bearing date July 22, 1920.

It appears that a judgment in the sum of ten thousand dollars and costs was entered against one William E. McPherson in his lifetime and that to procure a stay of execution pending his appeal said McPherson induced the surety company to execute a surety bond. To indemnify the surety company against loss the said McPherson conveyed to the individual defendants in trust for the purposes of such indemnity the lot of land which is the subject of this suit. The title to the property was then vested in McPherson, free of all liens except a mortgage of five thousand dollars. Pending the appeal to the supreme court from that judgment McPherson died, leaving as his heirs a daughter, the plaintiff in this case, and a son. The latter was appointed administrator of the estate, and in the course of his administration was met with a demand by the owner of the mortgage for the payment thereof. The estate was without funds sufficient to pay the mortgage and, in order to save it from loss, the administrator arranged for a new mortgage for a like amount, but to accomplish this it was necessary to procure a·release of the estate granted by the deed of trust in order that the new mortgage should be a prior lien. For this purpose the defendants were persuaded

to execute a quitclaim deed releasing their lien under their deed of trust, and, as a part of the same transaction, received from the administrator a new deed of trust, which he was authorized to execute by order of the probate court. Some time thereafter the estate became involved in further financial trouble and desired to raise an additional sum of three thousand dollars. The holder of the mortgage above mentioned expressed a willingness to advance such additional sum provided that he be given a first lien for the full amount of his loan. For this purpose the administrator again approached the defendants and requested them to reconvey the estate granted to them under the deed of trust, in order to enable him to raise the funds necessary for the protection of said estate. A quitclaim deed was again executed, a new mortgage for three thousand dollars was placed on record, and thereafter a new deed of trust was executed by the administrator for the benefit of these defendants. In both instances before the administrator executed these deeds of trust he obtained an order of the probate court authorizing him to do so. Such order was made on a petition filed for that purpose, of which presumably all interested parties had notice. Thereafter the judgment appealed from by McPherson was affirmed by the supreme court and, the administrator of the estate and this plaintiff having refused defendants' demand for payment, the full amount of the judgment and costs was paid by the defendants. When the second deed of trust above referred to was executed this plaintiff and her brother, as the sole heirs of William E. McPherson, held the title to the premises in question. Prior to the execution and delivery of the third deed of trust the brother transferred his interest to plaintiff.

[1] The trial court concluded that, while the proceedings directing the execution of the deeds of trust were regular and for the benefit of the estate, the orders of the probate court were ineffective, for the reason that that court was without authority to authorize the execution of a deed of trust or any form of security other than a mortgage; that the quitclaim deeds executed by defendants constituted a part of the same transaction through which the deeds of trust were executed and that to hold such deeds of trust void and adjudge the quitclaim deeds enforceable would be inequitable and unjust and contrary to the intent of the par-

ties. For these reasons the court held that the consideration for the execution of the quitclaim deeds had wholly failed and that the defendants accordingly held under the deed of trust first executed unimpaired except to the extent of the liens created by the two mortgages aggregating eight thousand dollars. Judgment was accordingly entered decreeing that the deed of trust executed by William E. McPherson conveyed to the trustees for the purposes therein named the legal estate in the property in suit, and that such estate is, and at all the times mentioned was, a valid and subsisting security for the repayment to the surety company of the sum of money paid by it for the benefit of said estate.

There is not a shadow of equity in appellant's case. As has been said, all the acts of the parties were done for the benefit of appellant and she alone profited by them. It is hardly possible, under the circumstances, that they were not done with her full knowledge and consent. At least she is charged with such knowledge as to the one-half interest she acquired from her brother. It was proper, therefore, for the trial court to refuse to cancel the first deed of trust when it found that the new deeds and the quitclaim deeds were executed for the purpose of taking the place of the old and as a part of the same transaction. On the other hand, if the deeds executed by the administrator may be treated as valid to the extent of the lien created, as the parties certainly intended they should be, appellant was not entitled to a judgment while the lien remained unsatisfied. The trial court properly resolved the equities in favor of respondents.

Judgment affirmed.

Langdon, P. J., and Sturtevant, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 26, 1922.

All the Justices concurred.